# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CARL JAVAN ROSS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| WARDEN, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

USDC- GREENBELT
'26 JUN 1 AM9:17

Civil Action No. 1:26-cv-1791-LKG

Dated: May 29, 2026

## MEMORANDUM AND ORDER

The above-entitled case was opened on May 5, 2026, upon receipt of a handwritten, three-page document from Carl Javan Ross, who is incarcerated at the Chesapeake Detention Center ("CDC"). ECF No. 1. The document, which concerns Ross's claims that the food being served at CDC contains feces and the staff refuse to replace contaminated food when complaints are lodged, was construed as a civil rights complaint. *Id.* As is the practice at this Court, the Clerk's Office sent Ross a deficiency notice because he did not pay the filing fee, nor did he file a motion seeking its waiver. ECF No. 3. Ross was advised that he would need to correct the deficiency by June 3, 2026, or his Complaint would be dismissed without prejudice and without further notice. *Id.* He was provided with a form motion to proceed in forma pauperis. *Id.*

On May 18, 2026, the Court received correspondence from Ross stating that he did not intend his original missive to be a civil rights complaint; rather, he meant it to be criminal complaint. ECF No. 4. Ross additionally took issue with the requirement that a fee would be required of him to file a case in this Court because he is incarcerated and has no source of income. *Id.* In his view, requiring prisoners to pay any sort of filing fee for litigating a claim is unconstitutional. *Id.*

For the following reasons, Ross's Complaint will not proceed. First, Ross may not, as a private citizen, initiate criminal proceedings by filing documents with the Court. Rather, he may seek to have criminal charges instituted by the U.S. Attorney's Office or the Maryland State's Attorney's Office, as appropriate, and it is within their discretion whether to pursue charges

based on the information he provides. As an alleged crime victim, Ross has no constitutional right to insist on criminal prosecution. *Sattler v. Johnson*, 857 F.2d 224 (4th Cir. 1988). The United States Attorney's decision to seek an indictment or to initiate an investigation into information provided by Ross is discretionary. *Massey v. Smith*, 555 F.2d 1355 (8th Cir. 1977). This Court will not interfere with the United States Attorney's exercise of discretion in deciding whether to seek an indictment or to launch a criminal investigation through issuance of mandamus writs. *Inmates of Attica Corr. Fac. v. Rockefeller*, 477 F.2d 375, 379-82 (2d Cir. 1973).

The same holds true for state criminal prosecutions; Ross has no legally protected interest in the prosecution of others. The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, 133 S. Ct. 1263, 185 L.Ed.2d 183 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

Secondly, Ross's claim regarding 28 U.S.C. § 1915(b), which requires prisoners to pay federal filing fees, has been the law since 1997 and has withstood constitutional challenges. In *Roller v. Gunn*, 107 F.3d 227, 231-32 (4th Cir. 1997), the Fourth Circuit Court of Appeals addressed an argument similar to the one advanced by Ross and explained:

> To begin with, the right of access to federal courts is not a free-floating right, but rather is subject to Congress' Article III power to set limits on federal jurisdiction. Indeed, Congress is neither "constitutionally required to create Article III courts to hear and decide cases within the judicial power of the United States," nor to vest those courts that are created "with all the jurisdiction it was authorized to bestow under Article III." *Palmore v. United States*, 411 U.S. 389, 400–01 (1973). Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them. The Supreme Court has never recognized an "unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees." *United States v. Kras*, 409 U.S. 434, 450, (1973). If we were to adopt Roller's argument, all filing fees would be unconstitutional, which, of course, they are not. "The correct principle is that reasonable costs may be imposed on persons who want to sue." *Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 259 (7th Cir.1987).

The Prison Litigation Reform Act ("PLRA") "installed a variety of measures 'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good.'" *Bruce v. Samuels*, 577 U.S. 82, 85 (2016), (quoting *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015)). Specifically, "'Congress recognized … that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Coleman*, 575 U.S. at 535 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Prisoner suits in particular represented a disproportionate share of federal filings, thus reforms to filter out the bad claims filed by prisoners and to facilitate consideration of the meritorious claims became the goals behind the reforms which included the requirement of payment of the filing fee. *Id*. With regard to filing fees, the "statute's approach is hardly draconian … [it] requires a modest initial filing fee before a case may proceed, 28 U.S.C. § 1915(b)(1), and thereafter a prisoner is required to pay only '20 percent of the preceding month's income credited to the prisoner's account' until the total fee is paid, 28 U.S.C. § 1915(b)(2)." *Roller*, 107 F.3d at 233. "These mild steps do not begin to impose an unconstitutional burden on a prisoner's access on courts." *Id*.

Ross's stated refusal to abide by the requirement that he pay the filing fee coupled with his stated intent regarding the pleading he filed, requires dismissal of the complaint. The dismissal will be without prejudice.

Accordingly, it is this 29th day of May, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED without prejudice;

2. The Clerk SHALL PROVIDE a copy of this Order to Ross; and

3. The Clerk SHALL CLOSE this case.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
United States District Judge

3